

**IT IS ORDERED as set forth below:**

**Date: February 20, 2025**

_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 23-53135-lrc |
| | Consolidated with |
| MARIE ACREE | Case No. 23-56269-lrc |
| | Case No. 23-59531-lrc |
| | Case No. 24-50310-lrc |
| MARY IDA TOWNSON, UNITED STATES TRUSTEE, MOVANT | CHAPTER 13 |
| v. | |
| EMANUEL D. CLARK, CHARLES FREEMAN JR., PATRICK D. IVERSON, and JACQUELYN DUFFY, RESPONDENTS. | CONTESTED MATTER |

## <u>ORDER</u>

Claudia Marie Acree, who resided at 3060 Bobolink Drive in Rex,

Georgia, passed away on January 19, 2022.  During 2023 and 2024, four

bankruptcy petitions were filed naming Marie Acree as the debtor, listing her address as 3060 Bobolink Drive ("Bobolink Drive Property"), and bearing what purported to be her original signature: Case Numbers 23-53135 ("*Acree I*"); 23-56269 ("*Acree II*"); 23-59531 ("*Acree III*"); and 24-50310 ("*Acree IV*") (collectively, the "Acree Petitions"). The Acree Petitions were presented to the Clerk of Court, United States Bankruptcy Court, Northern District of Georgia ("Clerk"), by Charles Freeman (*Acree I*), Patrick Iverson (*Acree II* and A*cree IV*), and Jacquelyn Duffy (*Acree III*). The filing of the Acree Petitions halted foreclosure of the Bobolink Drive Property.[1] Public records show that Emanuel Clark, through his company EBA Capital Inc., was the primary beneficiary of a fraudulent post-mortem deed purporting to grant ownership of the Bobolink Drive Property.

On March 31, 2024, the United States Trustee filed her Motion for Sanctions Pursuant to Federal Rule of Bankruptcy Procedure 9011

---

[1] Wells Fargo Bank, N.A. ("Wells Fargo") filed a motion for in rem relief from the automatic stay. (*Acree III*, Dkt. 13). In its stay relief motion, Wells Fargo reported that, in 2017, Claudia Marie Acree executed a note in favor of Wells Fargo, secured by the Bobolink Drive Property and that Ms. Acree passed away on January 19, 2022, per Georgia death records. Wells Fargo further reported that someone claiming to be Claudia Marie Acree had executed a quitclaim deed on April 26, 2022—three months after Ms. Acree's reported death—attempting to transfer the Bobolink Drive Property to EBA Capital, Inc. Wells Fargo attached copies of the death record and the quitclaim deed to its in rem stay relief motion, as Exhibits C and D. The Court granted Wells Fargo's motion for in rem relief by order entered November 13, 2023. (*Acree III*, Dkt. 20).

("Sanctions Motion") against Emanuel Clark ("Clark"), Charles Freeman Jr. ("Freeman"), Patrick D. Iverson ("Iverson"), and Jacquelyn Duffy ("Duffy") (collectively, "Respondents").[2] (*Acree I*, Dkt. 26).    The United States Trustee asserts that Respondents are subject to sanctions under Rule 9011 for presenting to the Court four forged petitions in the name of Marie Acree, a deceased individual, to initiate a stay that hindered and delayed a creditor's legitimate exercise of its rights in real property and to perpetuate a scheme to improperly obtain possession or ownership of the Bobolink Property.

The Sanctions Motion also chronicles Respondents' abusive and fraudulent conduct in and in connection with other bankruptcy cases, including preparing and recording forged deeds and filing forged bankruptcy petitions for other deceased individuals, such as Robert L. Johnson, Steven E. Weinstein, Edward Newsome, Brace C. Pinney, and Joseph Marchman.  Emanuel Clark and Charles Freeman also engaged in serial filing of abusive petitions for themselves.

---

[2] The United States Trustee is an official of the Department of Justice appointed by the Attorney General to supervise the administration of bankruptcy cases. 28 U.S.C. §§ 581 – 589. United States Trustees "serve as bankruptcy watch-dogs to prevent fraud, dishonesty, and overreaching in the bankruptcy arena." H.R. Rep. No. 95-595, at 88 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6049.  The United States Trustee may raise, and may appear and be heard on, any issue in any bankruptcy case.  11 U.S.C. § 307.

On April 1, 2024, counsel for the United States Trustee served the Sanctions Motion on Respondents and filed a certificate of service. (*Acree I*, Dkt. 27). The certificate of service and exhibits presented during the evidentiary hearing show the United States Trustee served Respondents at addresses listed on identification documents they presented to the Clerk's office.[3] The Court concludes that service of the Sanctions Motion complied with the requirements of Rule 7004(b).

On June 17, 2024, the Court entered an Order and Notice of Evidentiary Hearing on the Sanctions Motion ("Hearing Notice"). (*Acree I*, Dkt. 33). On June 19, 2024, the Bankruptcy Noticing Center served the Hearing Notice on Respondents. (*Acree I*, Dkt. 34) The Court scheduled the in-person evidentiary hearing for July 31, 2024 ("Evidentiary Hearing"). Pursuant to the Hearing Notice, the parties were required to file and serve their exhibit lists and witness lists by July 12. The United States Trustee timely filed and served her List of

---

[3] Where (1) an individual's driver's license is not expired; (2) state law requires a driver's license application to be sworn out under oath; and (3) state law imposes a continuing obligation to notify the DMV of an address change and obtain an updated license—the address listed on an individual's driver's license presumptively "qualifies as a 'dwelling house or usual place of abode' for establishing that proper service was accomplished pursuant to Bankruptcy Rule 7004(b)." *Garcia v. Cantu (In re Cantu)*, 363 B.R. 503, 511–13 (Bankr. W.D. Tex. 2006). Georgia law contains provisions similar to the Texas provisions discussed by the Court in *Cantu*. *See* O.C.G.A. § 40-50-3 (requiring license holders in Georgia who move from the address stated on their licenses to apply for an updated license within sixty days). The identification documents presented by Clark, Freeman, Duffy, and Iverson were not expired at time of service. (UST Exhibits 44-47).

Exhibits and List of Witnesses.  (*Acree I*, Dkts. 37 and 38).  None of the
Respondents filed a list of exhibits or a list of witnesses.

The Court conducted the Evidentiary Hearing on July 31, 2024.
None of the Respondents filed a response and none appeared at the
Evidentiary Hearing, personally or through counsel or other
representative.  Adriano Iqbal, Esq., appeared on behalf of the United
States Trustee. Deborah Jackson, an Auditor for the United States
Trustee Program, provided credible and persuasive sworn testimony in
support of the allegations set forth in the Sanctions Motion.  The United
States Trustee presented 49 exhibits, all of which were admitted
without objection and were reviewed and considered by the Court in
rendering its ruling.[4]  The Court took judicial notice of the Court's
dockets and the content of documents filed in bankruptcy cases for the
purpose of ascertaining the timing and status of events in the case and
facts not reasonably in dispute.  *In re Ferguson*, 376 B.R. 109, 113 n.4

---

[4] The Court admitted 49 exhibits offered into evidence by the United States Trustee:
pleadings filed in this Court (UST Exhibits 1-17); selected quitclaim deeds and PT-61 tax
forms obtained from county real property records (UST Exhibits 18-34); death records
obtained from the Georgia Office of Vital Records (UST Exhibits 35-40); business records
obtained from the Corporations Divisions of the Office of the Georgia Secretary of State
(UST Exhibits 41-43); identification materials Respondents submitted to the Clerk; (UST
Exhibits 44–47); a Summary Chart of Relevant Cases capturing certain key data points—
including filing date, debtor's residence, social security number, and case progress—for
each of the sixty cases discussed in the Sanctions Motion, as well as for three related cases
filed after the Sanctions Motion was filed (UST Exhibit 48); and images from a 2005 video
("On Our Way Up")  featuring some of the Respondents (UST Exhibit 49).

(Bankr. E.D. Pa. 2007), as amended (Oct. 25, 2007) (citing Fed. R. Evid. 201); *In re Hart*, 2013 WL 693013, at *1 n.2 (Bankr. D. Idaho Feb. 26, 2013) ("Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of its own dockets."); *Thomas v. Alcon Labs.*, 116 F. Supp.3d 1361 (N.D. Ga. 2013) (citing *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 807 (11th Cir. 2009)). The exhibits, other documents, testimony, and argument presented at the Evidentiary Hearing support the factual allegations in the Sanctions Motion and demonstrate cause for imposition of sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011, Bankruptcy Code section 105, and the Court's inherent powers.

<u>The Acree Petitions</u>

A voluntary bankruptcy case is commenced by the filing of a petition by an entity that may be a debtor under the selected chapter. 11 U.S.C. 301. Only an individual with regular income may be a debtor under chapter 13. 11 U.S.C. 109(e). Petitions must be verified or contain an unsworn declaration. Fed. R. Bankr. P. 1008 and Official Form B 101 (Voluntary Petition for Individuals Filing for Bankruptcy).

Form 101 requires the debtor sign the petition in two places.[5]

Claudia Marie Acree passed away on January 19, 2022. (UST Exhibit 35). A "Quit Claim Deed" filed on April 26, 2023, purports to record the transfer of the Bobolink Drive Property from Claudia Marie Acree to EBA Capital, Inc., for $10.00 and "other good and valuable consideration" ("Acree Quit Claim Deed"). (UST Exhibit 18). The deed bears what is clearly a forged signature for Marie Acree and the notary seal and signature of Peter Hall, dated April 26, 2022—three months after Marie Acree's date of death. The quitclaim deed contains several unusual characteristics, including typos instructing the reader to "SEE EXBIT [sic] 'A'" for a "LEAGAL [sic] DESRIPTION [sic]" of the property. Emanuel Clark was the incorporator and registered agent for EBA Capital, Inc., and his address is given as 4 Rockmart Drive, Atlanta, GA 30314.[6] (UST Exhibit 41).

On April 3, 2023, Charles Freeman presented for filing a pro se chapter 13 petition for Marie Acree, commencing Case No. 23-53135. (*Acree I*, Dkt. 1, Pg. 11). The skeletal petition, which was filled out by

---

[5] See Page 7 of Form 101; Page 9 of Form 101.

[6] EBA Capital's Articles of Incorporation, on file with the Corporations Division of Georgia's Secretary of State, shows EBA Capital was established on January 6, 2023—well after the "Quit Claim Deed" was purportedly signed on April 26, 2022, but before it was recorded in Clayton County on April 26, 2023.

hand, lists the debtor's name as Marie Acree, with a social security number ending in 3670.  It gives her address as 3060 Bobolink Drive, Rex, Georgia, 30273.  The petition bears two "wet ink" signatures for Marie Acree, both dated April 3, 2023.  The Clerk's intake form appended to the petition includes Freeman's telephone number and signature, acknowledging receipt of a Deficiency Notice, and indicates that the Clerk's office verified Freeman's photo identification prior to accepting the petition for filing.  (*Acree I*, Dkt. 1, Pg. 11).  The Court dismissed the case on April 28, 2023, for failure to correct filing deficiencies.[7]

On July 3, 2023, Patrick Iverson presented for filing a pro se chapter 13 petition for Marie Acree, commencing Case No. 23-56269. (*Acree II*, Dkt. 1, Pg. 11).  The skeletal petition lists the debtor's name as Marie Acree, with a social security number ending in 3670.  It gives her address as 3060 Bobolink Drive, Rex, Georgia, 30273.  The petition bears two "wet ink" signatures for Marie Acree, both dated July 3, 2023.

---

[7] On February 21, 2024, the Court granted the United States Trustee's motion to hold the case open to permit the U.S. Trustee to investigate the conduct of persons who presented the petition for filing or otherwise participated in the preparation or filing of the petition and to file and prosecute pleadings pertaining to the conduct of such persons.  (*Acree I*, Dkts. 15 and 16).  On March 26, 2024, the Court granted the U.S. Trustee's motion for procedural consolidation of the four *Acree* cases, with Case No. 23-53135 being the lead case.  (*Acree I*, Dkts. 20, 22, and 28).

The Clerk's intake form appended to the petition includes Iverson's telephone number and signature, acknowledging receipt of a Deficiency Notice. (*Acree II*, Dkt. 1, Pg. 11). The Court dismissed the case on July 28, 2023, for failure to correct filing deficiencies.

On September 29, 2023, Jacquelyn Duffy presented for filing a pro se chapter 13 petition for Marie Acree, commencing Case No. 23-59531. (*Acree III*, Dkt. 1, Pg., 11). The skeletal petition lists the debtor's name as Marie Acree, with a social security number ending in 3670. It gives her address as 3060 Bobolink Drive, Rex, Georgia, 30273. The petition bears two "wet ink" signatures for Marie Acree, both dated September 29, 2023. The Clerk's intake form appended to the petition includes Duffy's telephone number and signature, acknowledging receipt of a Deficiency Notice, and indicates that the Clerk's office verified Duffy's photo identification prior to accepting the petition for filing. (*Acree III*, Dkt. 1, Pg., 11). The court dismissed the case on December 1, 2023.

On January 10, 2024, Patrick Iverson presented for filing a pro se chapter 13 petition for Marie Acree, commencing Case No. 24-50310 (*Acree IV*, Dkt. 1, Pg. 11). The skeletal petition lists the debtor's name as Marie Acree, with a social security number ending in 3670. It gives

her address as 3060 Bobolink Drive, Rex, Georgia, 30273. The petition bears two "wet ink" signatures for Marie Acree, both dated January 10, 2024. The Clerk's intake form appended to the petition includes Iverson's telephone number and signature, acknowledging receipt of a Deficiency Notice, and indicates that the Clerk's office verified Iverson's photo identification prior to accepting the petition for filing. (*Acree IV*, Dkt. 1, Pg., 11). The Court dismissed the case on January 29, 2024, for failure to pay the filing fee.

Other Abusive Filings by Respondents

In the Sanctions Motion and during the Evidentiary Hearing, the United States Trustee identified a system of fraud and abuse perpetrated not only in the four *Acree* cases but also in connection with other petitions presented to the Court for filing by Clark, Freeman, Iverson, or Duffy. Records of the bankruptcy court and other public filings show that Respondents have intentionally engaged in a pattern and practice of filing forged or suspicious property deeds and presenting

skeletal pro se petitions to the Court for improper purposes, often in the name of deceased persons.[8]

Emanuel Clark presented two pro se skeletal petitions for "Robert L. Johson" (sic), listing the debtor's address as 5190 Post Road Pass, Stone Mountain, Georgia ("Post Road Pass Property"): *In re Robert L. Johson*, No. 22-50883 (Bankr. N.D. Ga. filed Feb. 1, 2022) and *In re Robert L. Johson*, No. 23-54074 (Bankr. N.D. Ga. filed May 1, 2023). Both cases were dismissed for failure to pay the filing fee. Robert Lee Johnson, who resided at the Post Road Pass Property, passed away on April 4, 2020. (UST Exhibit 36). A "Quit Claim Deed" filed on May 8, 2023, purports to record the transfer of the Post Road Pass Property from Robert L. Johnson to EBA Capital, Inc., for $10.00 and "other good and valuable consideration." (UST Exhibit 19). The deed, dated April 26, 2022, bears what is clearly a forged signature for Robert L. Johnson, who was then deceased, and the notary seal and signature of Peter Hall. The document contains the same typos as the Acree Quit Claim Deed, instructing the reader to "SEE EXBIT [sic] 'A'" for a "LEAGAL [sic] DESRIPTION [sic]" of the property.

---

[8] In the Sanctions Motion and during the Evidentiary Hearing, the United States Trustee identified suspicious or abusive filings in addition to those specifically discussed in this Order.

Emanuel Clark presented a pro se skeletal petition for Steven E. Weinstein, listing the debtor's address as 1516 Barrington, Atlanta Georgia. *In re Steven E. Weinstein*, No. 22-50832 (Bankr. N.D. Ga. filed Jan. 31, 2022). (UST Exhibit 9, Pg. 9). The case was dismissed on March 25, 2022, for failure to correct filing deficiencies. Steven E. Weinstein, who resided at 1516 Barrington Court, Atlanta Georgia ("Barrington Court Property"), passed away on January 2, 2012. (UST Exhibit 37). A "Quit Claim Deed" filed on January 19, 2022, purports to record the transfer of the Barrington Court Property from Steven W. Weinstein to Artis Vance for $10.00 and "other good and valuable consideration." (UST Exhibit 21). The deed, dated January 1, 2021, bears what is clearly a forged signature for Steven Weinstein, who was then deceased, and the notary seal and signature of Peter Hall. The document contains the same typos as the Acree Quit Claim Deed, instructing the reader to "SEE EXBIT [sic] 'A'" for a "LEAGAL [sic] DESRIPTION [sic]" of the property.

Jacquelyn Duffy presented three pro se skeletal petitions for Edward Newsome, listing the debtor's address as 6 Rockmart Drive, Atlanta Georgia ("6 Rockmart Drive"): *In re Edward Newsome*, No. 23-

59526 (Bankr. N.D. Ga. filed Sept. 29, 2023); *In re Edward Newsome*, No. 23-62862 (Bankr. N.D. Ga. filed Dec. 29, 2023) (UST Exhibit 14, Pg. 11); and *In re Edward Newsome*, No. 24-53252 (Bankr. N.D. Ga. filed Mar. 29, 2024) (UST Exhibit 15, Pg.11). Edward Newsome passed away on November 28, 2006, survived by his spouse, Jamie A. Newsome. (UST Exhibit 40). Newsome's address—6 Rockmart Drive— is the address listed on the Georgia driver's license Duffy presented to the Clerk when filing the *Acree III* petition. (UST Exhibit 47). This property appears to be adjacent to Clark's address, 4 Rockmart Drive, which is also the address for EBA Capital Inc. (UST Exhibits 44 and 41). A "Quit Claim Deed" filed on November 7, 2022, purports to transfer the 6 Rockmart Drive Property from Jamie A. Newsome to Emanuel Clark, whose return address is listed as 4 Rockmart Drive. The document contains the same typos as the Acree Quit Claim Deed, instructing the reader to "SEE EXBIT [sic] 'A'" for a "LEAGAL [sic] DESRIPTION [sic]" of the property.

Clark, Duffy, and Iverson each presented a pro se skeletal petition for Brace C. Pinney Jr., of Stockbridge Georgia, who passed away on July 1, 2021 (UST Exhibit 39): *In re Brace C. Pinney*, No. 21-58210

(Bankr. N.D. Ga. filed Nov. 2, 2021); *In re Brace C. Penny*, No. 23-60819 (Bankr. N.D. Ga. filed Nov. 2, 2023); and *In re Brace C. Penny*, No. 24-51402 (Bankr. N.D. Ga. filed Feb. 6, 2024).  All three petitions list the same social security number, ending in 1447, for the debtor, and all three petitions list his address as 203 Farm Brook Parkway in Stockbridge, Georgia.  Although the death certificate lists a different Stockbridge address than the one given on the petitions —170 Brookfield Drive instead of 203 Farm Brook Parkway—the social security number on the death certificate matches that listed on all three petitions.

On January 2, 2024, Iverson presented a pro se skeletal petition for Joseph Marchman, listing the debtor's address as 2766 Macby Walk, Marietta, Georgia: *In re Joseph Marchman*, No. 24-50027 (Bankr. N.D. Ga.) (UST Exhibit 12, Pg. 10).  Joseph G. Marchman, who resided at 2766 Macby Walk in Marietta Georgia, passed away on February 10, 1999. (UST Exhibit 38).

In addition to presenting fraudulent and abusive bankruptcy petitions in the names of others, Clark and Freeman have engaged in serial and abusive filing of petitions in their own names. (UST Exhibit

48).   Emanuel Clark has personally filed more than twenty pro se bankruptcy petitions in the Northern District of Georgia, many in violation of a twenty-year bar order.[9]  Charles Freeman has personally filed at least fourteen pro se bankruptcy petitions in the Northern District of Georgia.   Official court records demonstrate Clark's involvement in at least nine of Freeman's cases: Clark is listed as a bankruptcy petition preparer in five of Freeman's cases and delivered four of Freeman's petitions to the Clerk for filing.   Freeman failed to properly prosecute any of his cases; all were dismissed.

Authority to Impose Sanctions under Rule 9011

The United States Trustee contends that Respondents are subject to sanctions under Federal Rule of Bankruptcy Procedure 9011 because, as "unrepresented parties," they presented, or were responsible for

---

[9] In 2015, Judge Sacca entered an order banning Clark from filing any case under Title 11 for a period of twenty years.  *See* Order Dismissing Chapter 13 Case Pursuant to 11 U.S.C. Sections 105(a), 109(g) and 349(a), *In re Clark*, No. 15-51966-jrs (Bankr. N.D. Ga. Mar. 26, 2015), Dkt. 13 (the "2015 Order").  This Order observed that Clark had filed "seven (7) previous cases, as well as the instant case, . . . us[ing] five (5) different social security numbers and report[ing] to the Court under penalty of perjury that he has filed no prior bankruptcy cases."  This constituted "abuse" sufficient to warrant a twenty-year bar.  In Clark's most recent case, Judge Baisier entered an order dismissing the case as void ab initio because it was violative of the 2015 Order.  *See* Order Dismissing Chapter 13 Case as Void ab Initio Pursuant to 11 U.S.C. Sections 105(a), 109(g) and 349(a), *In re Clarke*, No. 21-50811-pmb (Bankr. N.D. Ga. Apr. 15, 2021), Dkt. 13.  In this order, the Court observed that Clark "has filed multiple cases using different variations of his name and different social security numbers since the entry of the twenty (20) year ban."  Records of the Clerk show Emanuel Clark, with an address of 4 Rockmart Drive, filed another chapter 13 petition on September 6, 2024: Case No. 24-59410-bem.  The case was dismissed on September 23, 2024, for failure to pay the filing fee.

presenting, the Acree Petitions to the Court for improper purposes.[10]

"Rule 9011 imposes the baseline of conduct required of those who submit papers to the Court." *Matter of Goolsby*, 2017 WL 2312853, at *2 (Bankr. N.D. Ga. May 26, 2017).   Specifically, Rule 9011 provides that, by submitting a paper to the Court (whether by signing, filing, submitting, or advocating), the presenting party certifies that, to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) the paper is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (2) the claims, defenses, and other legal contentions in the paper are warranted by existing law or by nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Fed. R. Bankr. P. 9011(b).   Non-attorneys, have the same

---

[10]  The movant must follow specific procedures under Rule 9011.  First, a Rule 9011 motion "shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate [the Rule]."  Fed. R. Bankr. P. 9011(c)(1)(A).  Second, "[t]he motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper...is not withdrawn or appropriately corrected."  *Id.*   The Court finds that the Sanctions Motion complies with the first requirement and that the second requirement, the "safe harbor" provision, is inapplicable because the conduct alleged involves "the filing of a petition in violation of subdivision (b)."  FED. R. BANKR. P. 9011(c)(1)(A); *see also In re Meltzer*, 516 B.R. 504, 522 (Bankr. N.D. Ill. 2014) (collecting cases and explaining that the carveout's rationale is that "[t]he filing of a petition has immediate serious consequences . . . which may not be avoided by the subsequent withdrawal of the petition." (quoting the Advisory Committee Note to Rule 9011)).

duties under Rule 9011 as attorneys.  *In re Weiss*, 111 F.3d 1159, 1170 (11th Cir. 1990).

The emphasis in Rule 9011(a) and (b) is on the submission of papers to the Court.  Sanctions are warranted when papers presented to the Court are frivolous, legally unreasonable, or without factual foundation or are filed in bad faith or for an improper purpose.  *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1572 (11th Cir. 1995).  The Court may impose sanctions against the parties who violated the Rule or those who are responsible for the violation.  Fed. R. Bankr. P. 9011(c). The burden of proof is on the party seeking sanctions.  *See In re Marietta City Gramling St. Land Tr.*, 2014 WL 6460684, at *5 (Bankr. N.D. Ga. Oct. 21, 2014) (citing *In re Weaver*, 307 B.R. 834 (Bankr. S.D. Miss. 2002)).  "Once a prima facie case has been made, the burden shifts to the party from whom the sanction is sought to show a legitimate purpose for the filing."  *Id.* (citing *In re King*, 83 B.R. 843, 847 (Bankr. M.D. Ga. 1998)).

Respondents Freeman, Iverson, and Duffy personally appeared at the Clerk's office and submitted the Acree Petitions for filing with the Court.  In so doing, they each acted as an "unrepresented party" with

respect to those papers. The uncontroverted evidence demonstrates Clark also bears responsibility for submission of the Acree Petitions. Accordingly, all the Respondents are subject to the provisions of Rule 9011. *See In re Gares*, 2024 WL 5196575 (Bankr. E.D. La. Dec. 19, 2024) (imposing sanctions under Rule 9011 against an unrepresented individual who forged another person's signature and filed an unauthorized chapter 13 petition in that person's name). The Sanctions Motion, the official Court records, and the testimony, exhibits, and argument presented at the Evidentiary Hearing support findings that each of the Respondents—Emanuel Clark, Charles Freeman, Patrick Iverson, and Jacquelynn Duffy—presented or was responsible for presenting the Acree Petitions to the Court for improper purposes, including initiating a stay that hindered and delayed a creditor's legitimate exercise of its rights in real property and perpetuating a scheme to enable one or more persons to improperly obtain an interest in the Bobolink Drive Property. Therefore, they are subject to sanctions for violating Rule 9011.

If a violation of Rule 9011 is found, the nature of the sanction is within the Court's discretion, but any sanction "shall be limited to what

is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Bankr. P. 9011(c)(2). Rule 9011(c)(2) allows the Court to impose "directives of a nonmonetary nature" if necessary "to deter repetition of such conduct or comparable conduct by others similarly situated." The Court finds that injunctive relief is an appropriate sanction for Respondents' violations of Rule 9011, especially because their misconduct involves repetitious fraudulent filings.

Authority to Impose Sanctions Under Statutory & Inherent Powers

Pursuant to Rule 9011(c)(1)(A)'s command that "[a] motion for sanctions under this rule shall be made separately from other motions or requests," the United States Trustee did not, in her Sanctions Motion, seek relief under other grounds. This does not, however, preclude the Court from considering whether to impose sanctions pursuant to § 105 of the Bankruptcy Code or the Court's inherent powers. *In re Evergreen Sec., Ltd.,* 570 F.3d 1257, 1279-1280 (2009); *Matter of Goolsby*, 2017 WL 2312853 at *2.

Section 105(a) and the Court's inherent authority are necessary backstops for maintaining an orderly and efficient federal bankruptcy

system, which depends on the integrity of information supplied by its participants.  Dishonesty and fraud strike at the foundation on which the bankruptcy system is premised.  The Courts' authority to respond to misconduct with meaningful sanctions is essential both to enforcing provisions of the Code and to preventing abuses of process.  *See generally In re Gerstner*, 648 B.R. 746 (Bankr. N.D. Ga. 2022); *In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008); *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995); *Evergreen*, 570 F.3d at 1263.  These inherent powers include the authority, upon provision of sufficient notice, to sanction individuals who have acted in bad faith, vexatiously, wantonly, or for oppressive reasons or who have practiced a fraud upon the Court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Gerstner,* 648 B.R. at 725; *Mroz*, 65 F.3d 1575.

The Court finds that Respondents were provided adequate notice of the allegations and the relief sought, having been served with the Sanctions Motion, which described the alleged misconduct and included exhibits in support of the allegations.  Further, Respondents were given a meaningful opportunity to respond and to appear.  Under its inherent power, the Court may investigate whether it has been the victim of

fraud and "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO,* 501 U.S. at 44-45. The Court finds that Respondents acted in bad faith and perpetrated a fraud upon the Court: their presentation of the Acree Petitions constituted intentional, material misrepresentations that harmed the integrity of the judicial process. Denial of access to the Court on behalf of others is an appropriate remedy for Respondents' misconduct.

Conclusion

The Sanctions Motion and the documents, exhibits, testimony, and argument presented at the Evidentiary Hearing support the factual allegations in the Sanctions Motion and demonstrate that Respondents knowingly and purposefully engaged in conduct that constituted a fraud upon the Court, warranting imposition of sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011, § 105(a), and the Court's inherent powers. Respondents were provided notice and an opportunity to respond to the allegations but failed to do so. Therefore, it is hereby

**ORDERED** that Emanuel Clark, Charles Freeman Jr., Patrick D. Iverson, and Jacquelyn Duffy are prohibited from presenting a petition

to the Clerk's intake desk for filing if they are not the named debtor nor that debtor's attorney;[11] and

**IT IS FURTHER ORDERED** that the Court may consider removing this prohibition as to any of the Respondents upon the filing of an appropriate motion in this case and service upon the United States Trustee.

[END OF DOCUMENT]

Draft Prepared by:

*/s/ Jeneane Treace*
Jeneane Treace
Georgia Bar No. 716620
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive SW
Atlanta, GA 30303
404.331.4437
jeneane.treace@usdoj.gov

DISTRIBUTION LIST

Emanuel De'Andre Clark
4 Rockmart Drive SW

---

[11] This Order does not bar Respondents from seeking bankruptcy relief as debtors if they are otherwise eligible to do so. Likewise, this Order does not bar any individual from filing a bankruptcy petition through means other than delivery by Respondents, including delivering the petition personally, by another courier, or by hiring counsel.

Atlanta, GA 30314

Charles Freeman Jr.
5183 Post Road Pass
Stone Mountain, GA 30088

Patrick D. Iverson
1758 Big Valley Lane
Stone Mountain, GA 30083

Jacquelyn Duffy
6 Rockmart Drive SW
Atlanta, GA 30314

Melissa J. Davey, Chapter 13 Trustee
Suite 2250
233 Peachtree Street, NE
Atlanta, GA 30303

Brandi R. Lesesne
Barrett Daffin Frappier Turner & Engel, L.L.P.
4004 Belt Line Rd, Suite 100
Addison, Texas 75001

Brenda Booth
485 Polk Rd
Moreland, GA 30259-2246

United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive SW
Atlanta, GA  30303